IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAREN SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-973-A |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the first amended motion of defendant, Tarrant County College District, to dismiss plaintiff's constructive discharge claim. The court, having considered the motion, the response of plaintiff, Karen Shelton, the record, the reply, and applicable authorities, finds that the motion should be denied.

I.

### Plaintiff's Claims

Plaintiff is a former employee of defendant who asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), for race and gender discrimination and under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA"), for age discrimination. She also asserts claims for retaliation under Title VII and the ADEA. As part of her retaliation claims, plaintiff says that she was constructively discharged.

II.

## Ground of the Motion to Dismiss

Defendant asserts that plaintiff has failed to set forth sufficient factual allegations to support a claim that she was constructively discharged.

III.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

The general rule is that if an employer deliberately makes the employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer is liable as though the employee had been terminated. Haley v. Alliance Compressor LLC, 391 F.3d 644, 649 (5th Cir. 2004). The employee is said to have been constructively

discharged. Id. Whether an employee would feel forced to resign is case and fact-specific, the test being an objective one–whether a reasonable employee in the plaintiff's shoes would have felt compelled to resign. Id. at 649-50.

The relief sought in defendant's motion is dismissal of plaintiff's constructive discharge claims. As plaintiff notes in her response, she has not asserted a claim as such for constructive discharge; rather, the constructive discharge allegation is part of her retaliation claims. In an attempt to salvage its motion, defendant urges in its reply that the retaliation claims themselves should be dismissed. (This overlooks that the retaliation claims are also based on allegations of failure to promote and hostile working environment, which have not been addressed.) The court will not consider new arguments raised for the first time in a reply brief. Conceal City, L.L.C. v. Looper Law Enforcement, LLC, 917 F. Supp. 2d 611, 623 (N.D. Tex. 2013). In any event, the court is satisfied that plaintiff has pleaded sufficient facts to give defendant notice of the basis for her allegation that she was constructively discharged. Whether she will be able to prevail on the merits is another question.

Plaintiff asks for an award of attorney's fees to compensate her for having to respond to the motion to dismiss. Although the

motion could have been better presented, the court is not persuaded that the motion was frivolous.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

The court further ORDERS that plaintiff's request for an award of attorney's fees be, and is hereby, denied.

SIGNED December 23, 2016.

_____
JOHN McBRYDE
United States District Judge